IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERESA MICHELLE MURPHY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-1658 |
| MERCY MEDICAL CENTER, INC., | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Teresa Michelle Murphy ("plaintiff" or "Murphy") has filed a two-count complaint against Mercy Medical Center, Inc. ("defendant" or "Mercy") alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Maryland Fair Employment Practices Act ("FEPA") based on her non-promotion and/or exclusion from supervisory and managerial positions in Mercy's Environmental Services Department.[1] 42 U.S.C. §§ 2000e *et seq.*; Md. Code, State Gov't §§ 20-266(a), 20-606(f).

Now pending before this Court is Mercy's Motion to Dismiss ("Mercy's Motion") (ECF No. 4). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, defendant Mercy's Motion to

---

[1] Title VII and FEPA are analyzed herein as one because "[t]he Maryland Court of Appeals has deemed FEPA to be the state law analogue of Title VII, and has noted that Maryland courts 'traditionally seek guidance from federal cases in interpreting Maryland's [FEPA].'" *Lawrence v. Maryland Aviation, Admin.*, No. RDB-16-112, 2016 WL 5870028, at *1 n.1 (D. Md. Oct. 7, 2016) (quoting *Linton v. Johns Hopkins Univ. Applied Physics Lab., LLC*, No. JKB-10-276, 2011 WL 4549177, at *4 n.3 (D. Md. Sept. 28, 2011)).

1

Dismiss (ECF No. 4) is GRANTED, and plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

When reviewing a Motion to Dismiss, the Court accepts as true the facts alleged in the plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).

In June 2014, Plaintiff Teresa Murphy, a white woman, applied for a supervisory position in the Environmental Services Department of Mercy Medical Center, a hospital located in Baltimore, Maryland. (ECF No. 1 at ¶¶ 7, 25.) While Murphy was not selected for the supervisory position, she was instead selected to work as a Lead Technician and began working in this capacity on August 11, 2014. (*Id.* at ¶ 27.) The Department's Director, Craig Sattler ("Sattler"), informed her that she would need "more hospital experience" to meet Sattler's "minimum qualifications for the supervisory position" for which she had applied and had not been selected. (*Id.* at ¶¶ 23, 27.) In September 2014, Murphy began supervisory training, which lasted several months. (*Id.* at ¶¶ 27, 28.)

On January 2, 2015, Murphy spoke with one of her staff members about the staff member's failure to complete all of his assigned tasks.[2] (ECF No. 1 at ¶ 29.) In response, the staff member, an African American male, "stated that [Murphy] 'needed to watch her back.'" (ECF No. 1 at ¶ 29.) Murphy reported the incident to her supervisor and to Sattler. (*Id.* at ¶ 30.) On January 5, 2015, Murphy gave a list of daily tasks to the same staff member. (*Id.* at ¶ 31.) Upon receipt of this document, the staff member "destroyed the written task list in front of Plaintiff in a threatening manner." (*Id.*) Later that day, the same staff member

---

[2] While many of the factual allegations in the Complaint revolve around plaintiff's interactions with this staff member, nowhere in the Complaint is he named or otherwise identified.

"yell[ed] down a corridor at [Murphy] asking [Murphy] what her problem was." (*Id.* at ¶ 32.) Murphy reported both incidents to the management of the Environmental Services Department and to Mercy's Human Resources Department. (*Id.*)

Murphy further alleges that the same staff member "physically assaulted" her on January 13, 2015. (ECF No. 1 at ¶ 33.) The Complaint does not state any other information about the alleged assault. (*Id.*) Murphy reported this incident to her supervisor. (*Id.*) The Complaint states that Murphy does not believe that the staff member was ever reprimanded for this conduct. (*Id.* at ¶¶ 33, 34.)

Murphy alleges that she "continued to receive harsh treatment from her coworkers and subordinates." (*Id.* at ¶ 35.) Murphy posits that her coworkers "were treating her in this manner due to her race and gender." (*Id.*) While Murphy "continued to share her concerns" with the Environmental Services Department management, "her treatment in the workplace continued to go unaddressed." (*Id.* at ¶ 36.)

In addition, Murphy alleges that the Human Resources Department held a staff meeting on March 10, 2015 that "was called as a result of racial tensions" in the Environmental Services Department. (*Id.* at ¶ 37.) Murphy did not attend this meeting, but asserts that she "later learned that during the March 10, 2015 meeting, several of the staff . . . expressed issues with working for a 'white woman.'" (*Id.* at ¶ 38.)

On March 23, 2015, after learning of several open supervisory positions in the Environmental Services Department,[3] Murphy applied for a position in "another

---

[3] Murphy "became aware of a second supervisory position opening [in the Environmental Services Department] due to the termination of one of the Day Shift Supervisors for derogatory racial comments." (ECF No. 1 at ¶ 39.) Ms. Murphy did not apply for any openings in the Environmental Services Department. (*Id.*)

department" at Mercy. (ECF No. 1 at ¶¶ 39, 40.) On May 1, 2015, Mercy allegedly notified Murphy that "she could not be considered for the position," and the Human Resources Department "encouraged [her] to seek employment elsewhere." (*Id.* at ¶¶ 41, 42.)

Murphy filed an EEOC discrimination complaint on September 1, 2015. (ECF No. 1 at ¶ 15.) Murphy ended her employment at Mercy on January 22, 2016. (*Id.* at ¶ 13.) On or about February 26, 2016, the EEOC dismissed Murphy's case and issued her a Right to Sue letter. (ECF No. 1-1.) Murphy timely filed her Complaint in this Court on May 26, 2016. (ECF No. 1.)

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations omitted). Consequently, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). Similarly, "an unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). Rather, to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning the court could draw "the reasonable inference that the defendant is liable for the conduct alleged." *Id.* (internal quotations and citation omitted).

In the context of employment discrimination, the Supreme Court has clarified that pleadings need not "contain specific facts establishing a prima facie case of discrimination

under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). However, in order to survive a motion to dismiss, plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *McCleary-Evans v. Md. Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Twombly*, 550 U.S. at 545).

## ANALYSIS

Although a complaint need not contain detailed allegations, it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561. "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Additionally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

While plaintiff's Complaint is replete with <u>legal</u> <u>conclusions</u> regarding the many ways in which defendant allegedly discriminated against her, the Complaint is largely devoid of <u>factual</u> <u>allegations</u> to support these legal theories. The only factual allegations related to race and gender in the Complaint are: (1) that the majority of employees in Mercy's Environmental Services Department are African-American (ECF No. 1 at ¶ 26); (2) that defendant failed to discipline an African-American co-worker with whom plaintiff had a poor working relationship and who allegedly confronted plaintiff physically on one occasion (*Id.* at ¶¶ 29-34); (3) that plaintiff received "harsh treatment from her coworkers and

subordinates" because of "her race and gender" (*Id.* at ¶ 35);[4] and (4) that defendant's Human Resources Department held a staff meeting—which plaintiff did not attend—during which plaintiff's co-workers allegedly expressed "issued working for a 'white woman'" (*Id.* at ¶ 38). Even accepting these allegations as true, plaintiff fails to state a plausible claim that her non-promotion (and, possibly, other adverse employment actions) was the result of Mercy's unlawful discrimination against her as a white woman. *See McCleary-Evans*, 780 F.3d at 585 (to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level").[5]

Accordingly, defendant's Motion to Dismiss (ECF No. 4) is GRANTED and plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, defendant Mercy's Motion to Dismiss (ECF No. 4) is GRANTED, and plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

A separate Order follows.

Date: February 9, 2017     _____/s/_____
Richard D. Bennett
United States District Judge

---

[4] Plaintiff makes this general, conclusory allegation without reference to any incident or episode of alleged discrimination by her coworkers. *See* ECF No. 1 at ¶ 35.

[5] Similarly, plaintiff makes no factual allegations whatsoever in support of her claims that she was "classified" by Mercy as a "Caucasian woman" or that Mercy follows a "policy and practice" of discrimination on the basis of race and gender. (ECF No. 1 at ¶¶ 44-46.)